United States District Court
Southern District of Texas
**ENTERED**
October 19, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX UGORJI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-2884 |
| | § | |
| TOYOTA FINANCIAL SERVICES, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

On July 30, 2021, plaintiff Felix Ugorji ("Plaintiff") filed this action against defendant Toyota Motor Credit Corporation, incorrectly named as Toyota Financial Services ("Defendant"), in the Justice Court of Harris County, Texas, Precinct 5, Place 2.[1] Defendant removed the action to this court on September 2, 2021.[2] On September 17, 2021, Defendant filed Defendant Toyota Motor Credit Corporation's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law ("Defendant's Motion") (Docket Entry No. 5). For reasons explained below, Defendant's Motion will be granted.

---

[1]Small Claims Petition ("Plaintiff's Original Petition"), Exhibit B-1 to Notice of Removal of Civil Action ("Notice of Removal"), Docket Entry No. 1-1, p. 8. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Notice of Removal, Docket Entry No. 1.

## I. Factual Background

Plaintiff's Original Petition alleges that Defendant "wrongfully reported negative information to the Credit Services" and "signed [Plaintiff] up for a GAP insurance that refused to pay for [a] damaged vehicle."[3] Plaintiff seeks money damages in the amount of $10,000.[4] Defendant removed on the basis of federal question jurisdiction.[5]

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a party to move that the court dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Courts deciding on Rule 12(b)(6) motions must consider "documents incorporated into the complaint by

---

[3]Plaintiff's Original Petition, Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, p. 8.

[4]Id.

[5]Notice of Removal, Docket Entry No. 1, p. 1 ¶ 1.

reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007).

### III. Analysis

Defendant argues that "[n]either Plaintiff's FCRA or GAP coverage claims are properly pled" and that Plaintiff's Original Petition "does not set forth any factual allegations supporting either claim."[6]

### A. Plaintiff Fails to State an FCRA Claim

Defendant argues that, while Plaintiff does not cite any statute as a basis for his cause of action, "Plaintiff's allegations as to improper credit reporting necessarily arise from the [Fair Credit Reporting Act ("FCRA")], which has an unequivocal preemption provision concerning such claims, serving to obviate any state-law claims that Plaintiff may have as a result of any wrongful credit reporting."[7] Having carefully reviewed Plaintiff's Original Petition, the court is persuaded by Defendant's argument.

District courts within the Fifth Circuit have held that 15 U.S.C. § 1681s-2(b) creates a private right of action against the furnishers of inaccurate credit information. See Conrad v.

---

[6]Defendant's Motion, Docket Entry No. 5, p. 3.

[7]Id. at 2-3.

<u>Barclays Bank Delaware</u>, Civil Action No. 4:17-CV-1045, 2017 WL 7796344, at *2 (S.D. Tex. July 27, 2017) (listing cases).

> In order to maintain a private right of action against a furnisher of information pursuant to § 1681s-2(b): (1) the plaintiff must notify a consumer reporting agency of inaccurate information; (2) the consumer reporting agency must notify the defendant of the dispute; (3) the defendants must fail to conduct an investigation, fail to correct any inaccuracies, and fail to notify the consumer reporting agency of the results of the investigation.

<u>Id.</u> (citing <u>Smith v. National City Mortgage,</u> No. A-09-CV-881 LY, 2010 WL 3338537, at *15 (W.D. Tex. Aug. 23, 2010)).

Plaintiff's Original Petition does not allege that Plaintiff notified a consumer reporting agency of inaccurate information, that the agency notified Defendant of the dispute, that Defendant failed to conduct an investigation, or that Defendant failed to correct the inaccuracies. Plaintiff does not identify the alleged error in his credit reporting. The court concludes that Plaintiff has not stated a claim under 15 U.S.C. § 1681s-2(b).

**B.   Plaintiff Has No Claim Relating to GAP Insurance**

Defendant asserts that it "did not sign Plaintiff up for GAP coverage."[8]  Defendant did not execute the Guaranteed Asset Protection (GAP) Addendum (the "GAP Addendum"), and nothing in the record suggests that the GAP Addendum was assigned to Defendant.[9] The GAP Addendum states that the Dealer/Creditor is Don McGill

---

[8]<u>Id.</u> at 2.

[9]GAP Addendum, Exhibit A to Defendant's Motion, Docket Entry No. 5-1, p. 2.

Toyota of Katy, which signed as a program administrator for ForeSight Services Group, Inc.[10]

Likewise, the vehicle sales contract does not indicate that Defendant agreed to provide Plaintiff with GAP coverage.[11] The section of the RISC that provides for optional GAP coverage states "N/A."[12] The court therefore concludes that Defendant did not sign Plaintiff up for GAP coverage.

Liberally construing Plaintiff's Original Petition, it appears that he is attempting to allege breach of contract, i.e., that Plaintiff was entitled by contract to GAP coverage for his loss and did not obtain the coverage. The elements of a breach of contract are (1) the existence of a valid contract; (2) performance, actual or tendered, by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by plaintiff resulting from the breach. Agim v. Selene Finance, L.P., Civil Action No. 4:19-02631, 2020 WL 3420979, at *2 (S.D. Tex. June 1, 2020) (citing Smith International, Inc. v. Egle Group, LLC, 490 F.3d 380, 387 (5th Cir. 2007)). But Plaintiff has not identified the existence of any specific contract. Nor has Plaintiff alleged any facts showing that he attempted to make a claim under any contract or otherwise tendered his performance. Moreover, there are no

---

[10]See id.

[11]Motor Vehicle Retail Installment Sales Contract - Simple Finance Charge (with Arbitration Provision) (the "RISC"), Exhibit B to Defendant's Motion, Docket Entry No. 5-2, pp. 2-7.

[12]Id. at 4.

allegations of breach beyond the allegation that Plaintiff's losses were not paid for by his GAP provider.[13] Although Plaintiff arguably alleges that he was damaged when the GAP provider failed to cover his losses,[14] Plaintiff does not allege a causal link between the GAP provider's failure to cover his losses and any conduct by Defendant.

The court concludes that Plaintiff has not alleged sufficient facts to state a claim against Defendant and that because Plaintiff has not sued a proper party, Plaintiff's claims must be dismissed with prejudice.

### IV. Conclusion and Order

For the reasons explained above, the court concludes that Plaintiff has not stated a plausible claim to relief. Accordingly, Defendant Toyota Motor Credit Corporation's Motion to Dismiss Plaintiff's Complaint (Docket Entry No. 5) is **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 19th day of October, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[13] See Plaintiff's Original Petition, Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, p. 8.

[14] See id.